MANDATE FILED

2005 FEB 14 P 3:20
U.S. DISTRICT COURT
NEW HAVEN, CT

CONN/NHCt
00-CR-263
Hall

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 25th day of JAN, two thousand and five.

PRESENT:
    HON. CHESTER J. STRAUB,
    HON. ROBERT A. KATZMANN,
                      *Circuit Judges,* and
    HON. RICHARD K. EATON,
                        *Judge.*[1]



FILED JAN 25 2005

UNITED STATES OF AMERICA,

    *Appellant,*

v.

CEDRIC BURDEN,

    *Defendant-Appellee.*

**SUMMARY ORDER**
No. 03-1561-cr

| Appearing for Appellant: | Brian E. Spears, Assistant United States Attorney for the District of Connecticut (Kevin J. O'Connor, United States Attorney, on the brief; William J. Nardini, Assistant United States Attorney, of counsel), New Haven, CT |
|---|---|

---

[1] The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

ISSUED AS MANDATE: 1/28/05

*United States v. Burden*
No. 03-1561-cr
Page 2

Appearing for Defendant-Appellee:   Salvatore J. Petrella, Cromwell, CT

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED**.

The United States of America appeals from the District Court's granting of the Defendant-Appellee Cedric Burden's motion for new trial on July 28, 2003. The District Court granted the motion for new trial based on the lack of sufficient evidence to support a finding that Cedric Burden was a member of the racketeering enterprise. The District Court also noted that its instruction regarding membership in the racketeering enterprise "was not of as much assistance to the jury as it could have been," though the District Court did not cite such as an independent basis for its grant of a new trial. The government claims that the District Court exceeded its discretion in disregarding certain evidence concerning the defendant's membership in the racketeering enterprise and in finding its jury instruction regarding membership to be "plainly erroneous."

A district court may grant a motion for new trial where "letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (citing *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)); *see* Fed. R. Crim. P. 33 ("[T]he court may grant a new trial to [a] defendant if the interests of justice so require."). We

*United States v. Burden*
No. 03-1561-cr
Page 3

review for abuse of discretion. *United States v. Autuori*, 212 F.3d 105, 133 (2d Cir. 2000).

A review of the record reveals the District Court examined the totality of the case, rather than engaging in an "exceeding narrow and incomplete review of the facts," as the government contends. *See Ferguson*, 246 F.3d at 136 (finding no abuse of discretion where district court examined "the totality of the case"). Furthermore, the District Court did not exceed the bounds of its allowable discretion when it concluded that the record lacked "satisfactory and sufficient evidence" that Cedric Burden was a member of the racketeering enterprise. *See id.* at 134. Moreover, the District Court did not cite its jury instruction as an independent basis for its grant of a new trial, but merely noted that it carried some weight in the court's "manifest injustice" calculus. In doing so, the District Court also did not exceed the bounds of its allowable discretion in finding that its jury instruction may have caused some confusion.

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:

ROSEANN B. MACKECHNIE, CLERK

*Lucille Carr*                    1/25/05

BY:                               DATE:

A TRUE COPY
Roseann B. MacKechnie, CLERK
by
DEPUTY CLERK